UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KAREN L. JACKSON,

    Plaintiff,

v.                                              Case No. 3:22cv5285-TKW-HTC

SPEAK EASY CLUB,
OWNER MARIO HOUSE,
CO-OWNER HERMAN HOUSE,
VALERIE HOUSE,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Karen L. Jackson, proceeding *pro se*, initiated this action by filing a civil complaint against the Speak Easy Club[1] and its owner, Mario House, co-owner Herman House, and Valerie House for injuries allegedly sustained outside the Club. ECF Doc. 1.[2] Plaintiff also filed a motion to proceed *in forma pauperis*, which shall be GRANTED. ECF Doc. 2. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28

---

[1] Plaintiff's spelling of the name of the club varies throughout her complaint. ECF Doc. 1. Sometimes she spells it "Speak Easy Club" and other times she spells it "Speak Eazy Club." *Id*.
[2] Although the complaint is on the Court's official form, the complaint was not filled out completely. However, because the undersigned is recommending dismissal, Plaintiff will not be asked to resubmit these filings.

U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  Upon screening the complaint under 28 U.S.C. § 1915(e)(2), and for the reasons set forth herein, the undersigned respectfully recommends the complaint be DISMISSED *sua sponte* for lack of subject-matter jurisdiction.

I.  THE COMPLAINT

Plaintiff's complaint, in its entirety, is as follows:

I Karen Jackson on the night of July 4, 2020 attend club Speak Easy when I wasn't on there property 3 to 5 minutes when a big crowd of people was standing all in the parking lot and in front of the club Speak Eazy when people stared shotting fireworks off right at the parking lot in front of club by the enterance an I Karen Jackson was hit by numerous fireworks that cause me to be tramped by bystander when I was trying to enter the club Speak Eazy that clearly has no loitering posted on the club building.  The Defendant along Co-Owner an crew member was participating in the firework shooting an did notting to the crowd or say more some place else. [sic]

ECF Doc. 1 at 8.

Based on these allegations, Plaintiff seeks punitive damages "for being scarred" and for her "burns all over," "pain an suffering[,] unpaid doctor bills" and "out of pocket" expenses "for medicine an [sic] surgery to remove scarring on legs." *Id*. at 10.  Plaintiff states she "didn't put a certain amount" because she doesn't "know [her] future cost an would like the Judge to determine that."  *Id*.

## II.  LACK OF JURISDICTION

The Court finds this matter should be dismissed for lack of jurisdiction. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

Generally, district courts have subject-matter jurisdiction over only two (2) types of cases: (1) a case involving a federal question or (2) a case involving diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331, 1332.

A "federal question" case arises under the United States Constitution or federal laws or treaties. *See* 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for the purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). Under the "well-pleaded-complaint" rule, "[a] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Thus, for federal question

jurisdiction to exist, a plaintiff's complaint must "claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946).

Diversity jurisdiction exists when (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"; and (2) the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). To meet the jurisdictional requirements of § 1332(a), the citizenship of each plaintiff must be different from that of each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Even under a liberal reading of Plaintiff's allegations, this Court lacks jurisdiction over this matter. There is no diversity jurisdiction because Plaintiff identifies herself as a resident of Florida, ECF Doc. 1 at 11, and provides Florida addresses for the Defendants, ECF Doc. 2 at 4.[3] Indeed, the Court takes judicial notice that Mario House is identified as President of The Speak Easy Cigar and Spirtis Inc., an inactive Florida corporation, with its principal address in Florida (the same address provided by Plaintiff for Defendants). Because Plaintiff and Defendants are citizens of Florida, there is no diversity of citizenship.

---

[3] Plaintiff included with her motion to proceed *in forma pauperis* a one-page sheet identifying the names and addresses of parties to the complaint. It appears this handwritten sheet was inadvertently included with the motion and should have been included with the complaint as the parties' section of the complaint is blank.

Case No. 3:22cv5285-TKW-HTC

There is also no federal question jurisdiction because Plaintiff's claims against Defendants are premised on state torts and not a federal statute or constitution. *Primm v. Shell Oil Co.*, 2011 WL 13298905 (M.D. Fla. Mar. 2, 2011) ("Because no federal question appears on the face of the Complaint, this Court does not have federal question subject matter jurisdiction.") (citing, e.g. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (affirming the Ninth Circuit's reversal of a case removed to federal court as the federal question was not present on the face of the plaintiff's properly pleaded complaint)).  As stated above, Plaintiff claims she was injured when fireworks went off while on the Club's premises.  Such an allegation clearly falls under a claim of negligence or premises liability – state tort claims. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (noting Plaintiff's complaint "failed to state a [federal] claim because [Plaintiff] had adequate remedies in state court against the Defendants, by way of negligence or medical malpractice actions").

## III.   CONCLUSION

For the reasons set forth above, this Court does not have jurisdiction over Plaintiff's claims, and, while courts normally afford *pro se* plaintiffs an opportunity to amend their complaints before recommending dismissal, here such an opportunity would be futile because Plaintiff's claims clearly belong in state – not federal – court. *See Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("district courts need not permit amendment where it would be futile to do so").

Case No. 3:22cv5285-TKW-HTC

Moreover, because this is a recommendation for dismissal, Plaintiff will be provided an opportunity to file an objection to this report and recommendation prior to dismissal. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted) (before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is ORDERED that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF Doc. 2) is GRANTED.

Additionally, it is respectfully RECOMMENDED:

1.     Plaintiff's complaint (ECF Doc. 1) be DISMISSED for lack of subject-matter jurisdiction.

2.     The clerk be directed to close the file.

DONE AND ORDERED this 27th day of April, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:22cv5285-TKW-HTC

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.