UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KAREN L. JACKSON,**

    **Plaintiff,**

v.                                       Case No. 3:22cv5285-TKW-HTC

**SPEAK EASY CLUB,**
**OWNER MARIO HOUSE,**
**CO-OWNER HERMAN HOUSE,**
**VALERIE HOUSE,**

    **Defendants.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 6) and Plaintiff's objection (Doc. 7) and other filings.[1] The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review the Court agrees with the magistrate judge's determination that this case should be dismissed for lack of subject-matter jurisdiction.

Plaintiff's objection refers to "Bell v. Hood"[2] for the proposition that "failure to state a proper cause of action calls for a judgment on the merits and not for a

---

[1] Motion to appoint counsel (Doc. 8) and motion to amend (Doc. 9) and its attachments.

[2] Presumably, the Supreme Court's decision in *Bell v. Hood*, 327 U.S. 678 (1946).

dismissal." That case does not help Plaintiff because the district court in that case had "federal question jurisdiction" because the plaintiff (Bell) sued government officials (including FBI Agent Hood) for violating the Constitution. By contrast, in this case, Plaintiff sued private citizens and businesses and her complaint asserts tort claims under state law not claims arising under federal law or the Constitution. Thus, as the magistrate judge explained, "diversity jurisdiction" is the only conceivable basis for this Court to have jurisdiction over this case.

Plaintiff's objection does not challenge the magistrate judge's determination that the Court lacks diversity jurisdiction because Plaintiff and Defendants are all citizens of the same state—Florida. The additional facts alleged in the motion to amend and its attachments do not provide any additional information about the parties' citizenships that would undermine the magistrate judge's conclusion that the Court lacks diversity jurisdiction.

The Court did not overlook Plaintiff's motion to appoint counsel. However, because the Court lacks jurisdiction over the case, the Court does not have the authority to appoint counsel for Plaintiff. Moreover, even if the Court could appoint counsel to argue the jurisdictional issue, the Court would not do so because a party does not have a right to appointed counsel in a civil case and the mere fact that Plaintiff does not have legal experience is not an "exceptional circumstance" that would warrant the appointment of counsel—particularly where, as here, the

jurisdictional issue is straightfoward.  *See Boss v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Plaintiff's motion to amend (Doc. 9) is GRANTED insofar as the Court considered the additional allegations in the motion and its attachments in evaluating whether the Court has subject-matter jurisdiction over the claims in this case.

3. Plaintiff's objection (Doc. 7) is OVERRULED, and Plaintiff's complaint (Doc. 1) is DISMISSED for lack of subject-matter jurisdiction.  This is not a dismissal on the merits and it does not preclude Plaintiff from filing suit in state court or other appropriate forum, but the case cannot proceed in this Court.

4. Plaintiff's motion to appoint counsel (Doc. 8) is DENIED as moot.

5. The Clerk shall close the case file.

**DONE and ORDERED** this 16th day of May, 2022.

*T. Kent Wetherell, II*
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**